IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

**Michael Towers,**
Plaintiff,

v.

**Philadelphia Macaroni Company,**
Defendant.

Case No. [To be assigned by the court]

# COMPLAINT

### I. JURISDICTION AND VENUE

1. This action arises under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction).

2. Venue is proper in the United States District Court for the District of North Dakota pursuant to 28 U.S.C. § 1391(b), as the Defendant is located and conducts business in this district, and a substantial part of the events giving rise to the claims occurred in this district.

### II. PARTIES

3. Plaintiff Michael Towers is an individual residing at 1422 4th Avenue North, Grand Forks, North Dakota, 58203.

4. Defendant Philadelphia Macaroni Company is a business located at 1801 N 36th Street, Grand Forks, North Dakota, 58201, and regularly conducts business in this district.

## III. FACTUAL BACKGROUND

5. Plaintiff began working for Defendant on 4 January 2024, in the warehouse as a forklift driver.

6. Plaintiff has been diagnosed with Type 1 diabetes, a recognized disability under the ADA. Plaintiff requires the use of various medical devices, including:
   • An insulin pump that is connected to the body to deliver insulin.
   • A cell phone that runs the software algorithm for bolus corrections, basal rate adjustments, and to turn off the pump if necessary for hypoglycemia.
   • A continuous glucose monitor that is connected to the body and sends blood sugar level data to the cell phone.
   • A watch that provides 24/7 display and alerts of blood sugar levels, trending patterns, and emergency medical alerts.

7. During orientation, Plaintiff was asked if these devices were medical, and after explaining their function, Plaintiff was told that, because the devices were necessary, they would be allowed on the work floor.

8. Despite this, Plaintiff was subjected to discriminatory treatment. Plant Supervisor Tuttle (not Plaintiff's direct supervisor) repeatedly demanded that Plaintiff remove the medical devices during multiple incidents, despite their necessity in managing Plaintiff's Type 1 diabetes.

9. Plaintiff informed Tuttle that these devices were approved by HR during orientation. Tuttle responded by stating that he is also diabetic and does not believe it is necessary to use this equipment. Plaintiff informed Tuttle that he was following the direction of his primary care physician, endocrinologist, and the endocrinology diabetes department at Altru Clinic in Grand Forks, ND. Tuttle then told Plaintiff to go talk to his supervisor, stating that he personally knew the management and that this would result in the termination of Plaintiff for not removing his medical devices.

10. Plaintiff then spoke to his immediate supervisor, Jamal, and another Warehouse Supervisor, Katie, regarding Tuttle's ongoing incidents. They said they understood and asked if there was any other place Plaintiff could wear his watch (for the blood sugar notifications, trends, and medical alerts). Plaintiff explained that he would not remove it from his wrist due to necessity and that there was no other place he was aware of where he could wear a watch.

11. Plaintiff was transferred multiple times without explanation. The first transfer from the warehouse to the WIP dumper position required Plaintiff to wait a week before returning to work. Plaintiff was informed by HR that it was purely a business decision.

12. Plaintiff was then transferred to another WIP dumper position on a different crew without any reason given.

13. Following another unexplained transfer, Plaintiff was scheduled to report to work and was instead escorted off the property and told not to return, with no reason provided by HR or supervisors.

14. Plaintiff was terminated on 4 March 2024, following a series of discriminatory actions by Defendant.

15. Plaintiff attempted to contact HR and supervisors for clarification but received no responses.

16. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on 24 September 2024. On 4 October 2024, Plaintiff received a Notice of Right to Sue from the EEOC, attached as Exhibit A.

Dated: 30 December 2024
Respectfully submitted,

*/s/ Michael Towers*

Michael Towers
1422 4th Avenue North
Grand Forks, ND 58203
Phone: (701) 610-8695
Email: mtowers.511@outlook.com